Turley J.
delivered the opinion of the court.
Previous to the passage of the act of 1831, c. 25, the sure-ty in a forfeited delivery bond was responsible for the payment of the whole amount of the judgment, without regard to the value of the property levied on. This sometimes operated a great grievance; to remedy which, the statute provides, that “the security or securities, on any forfeited bond for the deli-very of property levied on by execution, shall not be held res-ponsible for more than the value of the property specified in such bond, that shall not have been delivered on the day of sale.”
This statute governs the case under consideration. Where the bond, as in this case, was taken after its passage, it will not do to say that it only applies to cases where the execution was issued after its passage; for it is by virtue of the bond, and not the execution, that any rights are acquired against the surety. And the statute makes no exceptions in favor of exe-cutions issued before its passage.
Then, in this case, the plaintiffs are entitled to judgment *412 against the sureties in the forfeited delivery bond, for the amount they lost by their failure to comply with their contract.
It has been held, that a levy upon personal property and a delivery bond, is a satisfaction of the judgment; and that the property levied on is released by a forfeiture of the bond, and liable to other executions. But to constitute a satisfaction of the judgment, the property levied on must be of value sufficient to pay it; inasmuch as the surety in the delivery bond, since the act of 1831, is only responsible for its value, and if it be not of value sufficient, it is only a satisfaction pro tanto.
The property levied on by plaintiff’s execution, is stated in the agreed case, to have been worth $3444; but there were three other executions, bearing the same teste, and having an equal lien levied on the same property; to wit, one in favor of John Laird for $ 679 55; one in favor of Ezra Webb & Co. for $1751 20; and one in favor of Watkins for $438 52; and bonds taken for a delivery on the same day with plaintiffs. Now if the property had been delivered and sold, the proceeds would necessarily have been distributed pro rata among the other three creditors: to wit, the plaintiffs, John Laird, Ezra Web.b & Co., and Watkins. Then, what loss have the plaintiffs sustained by the non-delivery? Just the amount they would have received if the property bad been delivered and sold; to wit, their share, to be estimated in the proportion their debt bears to the debts of the other three creditors; and for that amount, with interest, they are entitled to judgment here.
Judgment accordingly.